# HANCOCK SUPERIOR COURT.

## JANUARY 13, 1843.

---

ASSIGNMENT OF CHOSES IN ACTION.

---

Isaac S. Whitten, Pl'ff. in Error, *vs.* Thomas Little, Def't.
Thomas Coleman, and Lewis D. Culm, Esq'rs. Justices.

### *Certiorari.*

1. A court of law will protect the assignment of a chose in action, under the same rules with a court of equity.

2. The assignment of a chose in action will transfer the interest, to the assignee, notwithstanding a subsequent garnishment, in favor of a creditor of the assignor: and notice, to the debtor, of the assignment, is not necessary, to protect the assignee.

The answer of the Justice, to the writ of Certiorari, in the above case, discloses, that Thomas Little, the defendant, commenced his suit, in the 102d district, against Isaac Workman; that Isaac S. Whitten, the plaintiff in error, was summoned as garnishee, to depose his indebtedness to Workman; that Whitten deposed, "that, sometime since, he gave said Workman a promissory note, for twenty-five dollars, due said Workman, alone, or without either 'order,' or 'bearer,' included in the obligation of said note, on the first of November (then) next; that, before he was garnisheed, by the plaintiff (Little) he understood said note was traded, to James M. Hunt, and so believes; that this was his only indebtedness to said Workman," &c.    And that judgment was thereupon rendered, against said Whitten, in favor of Little, for the amount of said note.    Whitten being nothing more than a stake holder, and apprehending that he might hereafter be sued by Hunt, wishes the judgment of the Court, declaring to whom he is liable.

It was contended by counsel for the plaintiff in error, that though the note was not negotiable at Law; yet it was a chose in action,

which might be assigned, so as to protect the assignee, from the demands of Workman's creditors; that, if there were any equity, as between the maker and payer, such assignment could not defeat them; but as between third persons, Courts of Equity had always protected the rights of assignees; and that Courts of Law had so far adopted the rules of equity, on this subject, as to protect the rights of the assignee, to the same extent; though he had still to use the name of the assignor, whose interest is merely nominal, for the collection of the debt; and that Whitten, being a mere trustee, was bound to pay the money, due on his note, to whom, in equity, it was due. In support of these views, he read 3 *Mass. R.* 558; 4 *Mass. R.* 508; 1 *Wash. C. C. R.* 424; 2 *Bayl. R.* 441.

The defendant in error insisted, that, if the Court should be of opinion, that the note was assignable, to protect the assignee from the operation of the garnishment, the maker of the note, (Whitten,) should, before service, have had notice of such assignment : and that such notice had not been sufficiently given—the garnishee having only "*understood*," that said note was traded, to James M. Hunt.

The Court is of opinion, that it is now too late to discuss the question, whether the common law, as well as the equity, Courts, will protect the rights of an assignee of a chose in action. But in protecting his rights, it will be under the same rules, as have been adopted by the Courts of Equity, from imitation of whose practice, they have assumed the power, of noticing and protecting the rights of assignees of choses in action. According to the rules of equity, the assignee takes the chose in action, subject to all the subsisting equities, between the debtor and the assignor. If the debtor pays the debt to the assignee, after the assignment, and without notice thereof, it will be a good discharge of the debt.—Meghan *vs.* Mills, 9 *J. R.* 64.

So, if the assignee, in any case, by failing to give notice to the debtor, put it in the power of the assignor to commit a fraud upon others, either by a subsequent assignment, or by a reception of the debt, from the debtor, he must suffer by such neglect. It would be inequitable, that the debtor, or other innocent assignees, should lose,

by the neglect or fraud of the assignee.—2 *Simons,* 257 ; 5 *Simons,* 195 ; 3 *Russell,* 1 ; 9 *John. R.* 64.

So, on the other hand, if the debtor should, after notice of the asssignment, or even, of such facts as should put him on his guard, pay the debt to the assignor ; it shall be considered fraudulent, as against the assignee, and he will have to pay the debt again, to him.—12 *John. R.* 343.

Laying out of the question whether the *understanding* of Whitten was not enough to put him on his guard, against paying the note to Workman, and whether, if such payment had been made, after what he had understood, about the assignment of the note, to Hunt ; we will proceed to examine, whether any notice, *before* the garnishment was levied, was necessary, to defeat its lien, as against the assignment. Indeed, Whitten has, very properly, been put on his guard ; so much so, that he refused to pay the money to Workman, unless authorized by the judgment of the Court.

The Court is of opinion, that the assignment, if made *before* the levying of the garnishment, is good, though notice may not have been given, until afterwards. The assignment was, certainly, effective and operative, as between Workman and Hunt, on the day that it was made ; and should not, in equity, be defeated, unless some innocent person has been made to suffer, for the want of such notice. The plaintiff (Little) has not, in any manner, been injured, because Whitten was not notified of such assignment, before he (Little) served his summons of garnishment. Whether such notice was given before, or after, the levy, could have made no difference, with him. If Whitten had paid the note to Workman, before notice of the assignment to Hunt ; it would be a fraud on him, if he should be compelled to pay it again, to Hunt. Or, if some other innocent person had been about taking an assignment of the same debt, from Workman, and had applied to Whitten, to know, if it was due to him, (Workman) ; then, according to the cases reported in Simons and Russell, above cited, if he, Whitten, not having had notice of the assignment, had answered in the affirmative, and such innocent person had, in consequence, taken a second assignment ; it would be equitable that Hunt should be postponed, to such innocent assignee,

M

[Whitten *vs.* Little & al.]

because, by his neglect, the second assignee had been induced to take the last assignment. The plaintiff, Litttle, can have no right to stand in a better situation, or have other rights, than those of his debtor, Workman, who had none, to the note of Whitten, after the assignment.

That the assignment is good, if made before the levy of the garnishment, though no notice may have been given, prior thereto, was fully sustained, in the cases of Wakefield *vs.* Martin and Trustees, 3 *Mass. R.* 558; Dix, et al. *vs.* Cobb and Trustees, 4 *Mass.* 508.

The Certiorari is sustained, and a new trial ordered.

SANFORD, for Plaintiff in Certiorari.
SAYRE, for Defendant.